UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| ROBERT D. LURCH JR., <br><br> Plaintiff, <br><br> -against- <br><br> COUNTY OF MARION; GRAYSON HENDERSON, Detective, <br><br> Defendants. |

1:26-CV-1635 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert D. Lurch, Jr., of New York, New York, brings this *pro se* action asserting claims for damages and alleging that Defendants have violated his federal constitutional rights. He sues: (1) the County of Marion, South Carolina; and (2) Detective Grayson Henderson, who is employed by the Marion County (South Carolina) Sheriff's Office. After Plaintiff filed the complaint commencing this action, he filed a "supplemental motion to add Officer Repass as a defendant and for emergency injunctive relief to locate a missing mother and newborn child" in which he seeks, among other relief, an order from the court adding Officer Repass, of the Marion County Sheriff's Office, as a defendant in this action, under Rule 21 of the Federal Rules of Civil Procedure.

The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law. For the following reasons, the Court transfers this action to the United States District Court for the District of South Carolina.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The County of Marion resides within the District of South Carolina, *see* 28 U.S.C. § 121(3) (the State of South Carolina constitutes one federal judicial district), not within this judicial district.[1] Plaintiff does not allege, however, where Detective Henderson (or Officer Repass) resides. Thus, while it clear that this court is not a proper venue for this action under Section 1391(b)(1), because Plaintiff does not allege where Detective Henderson resides, it is unclear whether the United States District Court for the District of South Carolina is a proper venue for this action either, under that provision.

Plaintiff does allege, however, that, while some of the events that are the basis for his claims may have occurred in New York County, New York, where he resides, within this judicial district, the vast majority of the alleged events have occurred in South Carolina, within the District of South Carolina. Thus, while this court may be a proper venue for this action under

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

Section 1391(b)(2), it is clear that the United States District Court for the District of South Carolina is a proper venue for this action, under that provision.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transferring this action to the United States District Court for the District of South Carolina, under Section 1404(a), appears to be appropriate because: (1) Detective Henderson (and Officer Repass) is/are allegedly employed within the District of South Carolina; (2) the vast majority of the alleged events have occurred within that judicial district; and (3) it is reasonable to expect that relevant documents and witnesses would be located within that judicial district. The United States District Court for the District of South Carolina, therefore, appears to be a more convenient forum for this action. Accordingly, in the interest of justice, the Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of

3

convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of South Carolina. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees (*see* ECF 2), and whether the pending motion (ECF 4) should be granted, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court. Accordingly, the Court directs the Clerk of Court to terminate ECF 4 on this court's docket of this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 17, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4